IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISCTRICT OF NEW YORK
_____X

FRIENDS NYC, EMMA KADAR-PENNER and
MARY MEYER,

                     Plaintiffs,

**CIVIL COMPLAINT**

Case No.: 21 civ 5920

-against-

Jury Trial Demanded

PAYPAL HOLDINGS INC.,

                     Defendant.
_____X

Plaintiffs, FRIENDS NYC, EMMA KADAR-PENNER and MARY MEYER, by their attorneys, GOUCHEV LAW, as and for their Verified Complaint respectfully allege as follows:

**PARTIES AND VENUE**

1. Plaintiff, FRIENDS NYC, is a domestic organization, with a principal place of business located at 56 Bogart Street, Brooklyn, NY 11206. Plaintiffs, EMMA KADAR-PENNER and MARY MEYER, are the owners of FRIENDS NYC. Hereinafter, FRIENDS NYC, EMMA KADAR-PENNER and MARY MEYER, are collectively referred to as "Plaintiffs."

2. Defendant, PAYPAL HOLDINGS INC. (PAYPAL), is a foreign business, doing business in San Jose, California, hereinafter "Defendant."

3. Venue is proper and based on Plaintiffs principal place of business, which is located in Brooklyn, NY, within the Eastern District of New York.

## JURISDICTION

4. This Court has jurisdiction over this matter based on a federal question pursuant to 28 U.S.C. 1331, et seq.

5. Specifically, the 2018 Hemp Farm Act (the "Act") provides:

> "[n]o State ... shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 ... through the State."
> Pub. L. 115-334, § 10114 (codified at 7 U.S.C. § 1639 note).

6. Additionally, the Act removed hemp, defined as cannabis (*Cannabis sativa L.*) and derivatives of cannabis with extremely low concentrations of the psychoactive compound delta-9-tetrahydrocannabinol (THC) (no more than 0.3 percent THC on a dry weight basis), from the definition of marijuana in the Controlled Substances Act (CSA).

7. Plaintiffs request that this court hear whether the Defendant violated the Act based on an alleged violation of its Acceptable Use Policy based on deeming Plaintiffs to have been engaged in the sale of narcotics for products that contained less than 0.3 percent THC.

# FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiffs opened an account with Defendant on or about December 2012.

9. The following email addresses are linked to Plaintiffs account and bank accounts with Defendant:

   Emma Kadar Penner emmakpenner@gmail.com, personal
   Mary Meyer Clothing mary@marymeyerclothing.com, business
   Mary Meyer hello@friendsnyc.com, business
   Mary Meyer friendsnycpayments@gmail.com, business
   Mary Meyer marymeyershops@gmail.com, personal

10. Plaintiffs sold various goods using Defendant's platform without incident for 8 years.

11. Plaintiff's goods included home, gift and clothing as merchandise.

12. During 2018, Plaintiffs expanded their product line into certain CBD oil products containing less than 3% THC, while most products contained 0% (CBD Products).

13. Plaintiffs used Defendant as a third party vendor to collect payment for the sale of these CBD Products.

14. On December 2, 2020, Plaintiffs received a notice from Defendant that both their business and personal accounts were locked, that Plaintiffs were permanently barred from transacting any business sales with Defendant and

furthermore, that a hold was placed on approximately $ 9,000.00 in total representing various of Plaintiffs funds ("Plaintiff's Funds"). Exhibit "A"

15. Pursuant to the Defendant's User Agreement ("User Agreement'), Defendant informed Plaintiffs that it would be holding the Plaintiffs Funds for up to 180 days pending an investigation.

16. Plaintiffs made numerous attempts to resolve this matter with the Defendant but were given no information as to the cause for a 6 month period.

17. Defendant responded stating that it would only release information about Plaintiffs PayPal accounts if they received a legal subpoena. Exhibit B.

18. Plaintiffs attempted to resolve this with Defendant over the course of the 180 days, with no avail.

19. Defendant never contacted Plaintiffs regarding the investigation, as such Plaintiffs were never afforded an opportunity to evaluate the cause of the suspension or provide any facts to dispute the same.

20. On May 20, 2021, Plaintiffs received notice from Defendant that $3, 958.01 was withdrawn from their account as "damages caused by Acceptable Use Policy violation." This same notice provides a link to dispute this withdrawal and when followed, sets forth that there is no recourse available for the claim. See Exhibit C.

21.. The only information Plaintiffs were able to ascertain during this 6 month period from Defendant was a vague allegation that Plaintiffs violated Defendant's "Acceptable Use Policy."

22. During this time, Defendant withheld and converted these funds of Plaintiffs, without notice and later revealed that it was based on a violation of Defendant's Acceptable Use Policy which is repugnant and violates the Act.

23. A review of Defendant's Acceptable Use Policy sets forth four categories relating to Prohibited activities.

24. Plaintiffs reviewed the same due to Defendant's failure to set forth any cause based on the list and were unable to determine the cause since all activities listed were outside the scope of their business model and products.

25. On June 11, 2021, Defendant sent a message setting forth a reason for cutting off the business relationship citing sale of narcotics resulting in loss of funds and/or damages. In relevant part the email provided:

"After a review of your account activity, we've determined that you're in violation of PayPal's Acceptable Use Policy. Specifically, the sale of narcotics, steroids, drug paraphernalia, certain controlled substances, or other products that present a risk to consumer safety. As a result, your account has been permanently limited and you won't be able to conduct any further business using PayPal. This is permitted under the PayPal User Agreement sections Restricted Activities and Actions We May Take."

Exhibit D

# FIRST CAUSE OF ACTION

26. Plaintiffs restate and reiterate each and every allegation set forth in paragraphs 1-25 above as if stated fully herein.

27. Plaintiffs and Defendant entered into a contract for services in or about December, 2012.

28. Pursuant to the contract, Plaintiffs utilized Defendant's services as a third party platform for the receipt of payments for products it sold.

29. Plaintiffs accepted the terms of the contract, including Defendant's Acceptable Use Policy.

30. Defendant breached the contract on December 2, 2020, and multiple times thereafter by barring them and restricting them from doing business without providing a basis or notice of any kind, and placed a hold on approximately $ 9,000.00 in total.

31. Defendant breached the contract on May 20, 2021, when Plaintiffs received notice from Defendant that $3,958.01 was withdrawn from their account as "damages caused by Acceptable Use Policy violation" without providing a basis or notice of any kind.

32. Defendant breached the contract on June 11, 2021, when Defendant sent a message setting forth a reason for cutting off the business relationship citing sale of narcotics resulting in loss of Plaintiffs funds and/or damages.

33. That by reason of said breaches of contract, Plaintiffs have been damaged and continue to sustain damages.

## SECOND CAUSE OF ACTION

34. Plaintiff restates and reiterates each and every allegation set forth in paragraphs 1-33 above as if stated fully herein.

35. Plaintiffs provided the Defendant with access to their bank accounts linked to their email addresses set forth above herein.

36. On December 2, 2020, and multiple times thereafter, Defendant intentionally interfered to the exclusion of Plaintiffs rights the funds that were held in the Plaintiffs bank accounts that were linked as set forth above in para.9.

37. On December 2, 2020, and multiple times thereafter, Defendant intentionally interfered with the possession and right to possession of Plaintiffs rights to the funds held in the Plaintiffs bank accounts that were linked as set forth above in para.9.

38. That by reason of said conduct caused by Defendant, Plaintiffs have been damaged and continue to sustain damages.

39. Therefore, Plaintiff demands judgment in her favor as set forth below.

### THIRD CAUSE OF ACTION

40. Plaintiff restates and reiterates each and every allegation set forth in paragraphs 1-39 above as if stated fully herein.

41. On December 2, 2020, Plaintiffs received a notice from Defendant that both their business and personal accounts linked at set forth above in para. 9 were locked, that Plaintiffs were permanently barred from transacting any business sales with Defendant and furthermore, and that a hold was placed on approximately $ 9,000.00 in total representing various of Plaintiffs funds ("Plaintiff's Funds").

42. On May 20, 2021, Plaintiffs received another notice from Defendant that $3,958.01 was withdrawn from their account as "damages caused by Acceptable Use Policy violation." This same notice provides a link to dispute this withdrawal and when followed, sets forth that there is no recourse available for the claim. See Exhibit C.

43. On June 11, 2021, Defendant sent a third a message setting forth a reason for cutting off the business relationship citing sale of narcotics resulting in loss of funds and/or damages. In relevant part the email provided:

"After a review of your account activity, we've determined that you're in violation of PayPal's Acceptable Use Policy. Specifically, the sale of narcotics, steroids, drug paraphernalia, certain controlled substances, or other products that present a risk to consumer safety. As a result, your account has been permanently limited and you won't be able to conduct any further business using PayPal. This is permitted under the PayPal User Agreement sections Restricted Activities and Actions We May Take."

Exhibit D

44. Defendant withheld and converted these funds of Plaintiffs, without notice and based on a violation of Defendant's Acceptable Use Policy which is repugnant and violates the Act.

45. Defendant breached its contract with Plaintiffs based on a violation of Defendant's Acceptable Use Policy which is repugnant and violates the Act.

46. As a result of Defendant's conduct, Plaintiffs suffered a deprivation of property without due process and related to a finding repugnant to US law, and suffered damages, including but not limited to economic and consequential damages.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a. Nine percent interest from December 2, 2020, regarding the hold that Defendant placed on Plaintiffs funds for approximately $ 9,000.00, and
b. Damages in the amount of $3, 958.01 plus nine percent interest from May 20, 2021, and
c. Punitive damages, attorney's fees, costs and disbursements for the entire action no less than $100,000.00, and
d. Granting such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 25, 2021

                                          GOUCHEV LAW
                                          BY: _____
                                          Dorothy H. Riggio, Esq.
                                          45 Rockefeller Plaza, 20th Floor
                                          New York NY 10111
                                          Tel. (212) 537-9209